11CV823
ADM/AJB

## UNITED STATES DISCTRICT COURT

For the

District of Minnesota

| | |
|---|---|
| Bilal Saleem,<br>    Plaintiff | )<br>)<br>) |
| v. | )    Civil Action No. |
| | )<br>)    **COMPLAINT** |
| Heimie's Haberdashery<br>    Defendant | )<br>)<br>)<br>) |

RECEIVED
APR - 4 2011
U.S. DISTRICT CLERK
MINNEAPOLIS, MINNESOTA

### Jurisdictional Statement

Plaintiff Bilal Saleem avers Title 28 United States Code §1340 vests jurisdiction over this matter with this Court.

### Averments

Plaintiff, Bilal Saleem avers the following:

1. Plaintiff is a resident of the City of Saint Paul, County of Ramsey and State of Minnesota.

2. Plaintiff is an African-American male who is age fifty-eight. He possesses the color and other physical attributes apparent in persons of sub-Sahara ancestry.

3. Defendant Heimie's Haberdashery is a retailer of men's clothing and barber services. Defendant's principal place of business is located at 400 Saint Peter Street, in the City of St. Paul, County of Ramsey and State of Minnesota.

4. Defendant employs approximately seventeen individuals at its store.

5. From June 2009 until February 3, 2010 Defendant employed Plaintiff, as a Master Barber.

SCANNED
APR 4 2011
U.S. DISTRICT COURT MPLS

Plaintiff understood that within three months of the date of his hire he was to be promoted to Manager of Barber Services.

6. Plaintiff was one of two African-American individuals employed by the Defendant at the time of Plaintiff's termination. The other individual is an independent contractor providing shoe-shine services. One other African-American Barber was employed by Defendant during Plaintiff's employment. He left Defendant's employ shortly after Plaintiff's hire.

7. Plaintiff was hired on a straight commission basis. He was not paid a draw against commissions, base wage, or other non-commission earnings. Defendant paid Caucasian barbers $12 per hour at the time of hire.

8. During Plaintiff's employment he understood that he was as well as other barbers could serve clients by selling store merchandise to them. Plaintiff sold or direct clients to store employees who sold them store merchandise. Plaintiff was not paid commissions or additional compensation for any items he sold.

9. On February 3, 2010 Defendant wrongfully terminated Plaintiff for allegedly being from work on the preceding day. However, Plaintiff was not scheduled to work on Tuesday, February 2, 2010. Also, prior to being hired, Plaintiff informed Defendant he was not able to work on Tuesdays and Defendant agreed that Plaintiff would not be required to do so.

10. Defendant terminated Plaintiff for allegedly missing a day of work after he had been employed with Defendant for approximately seven (7) months but did not terminate a Caucasian employee who missed a day of work during her first week of employment and repeatedly reported to work late and to left early before the end of her shifts.

11. Defendant altered Plaintiff's work schedule, scheduling Plaintiff off work every other Monday, solely for the purpose of allowing a Caucasian employee to earn more commission income. This resulted in Plaintiff being able scheduled to work on Wednesdays, Thursdays, Fridays and Saturdays of the effected weeks thus allowing him to earn less in commissions.

12. During Plaintiff's employment Defendant's managers and employees harassed him by opening his mail without his permission, verbally scolding him in the presence of customers and other staff, making offensive comments to him and refusing to allow him to retrieve tips earned from customers from the cash register at the end of his shift. Other

barbers routinely retrieved their tips from the register and calculated tips earned by Plaintiff.

## COUNT I.

Plaintiff was subjected disparate treatment and unlawful discrimination in violation of Title 42 United States Code §200(e). Plaintiff is a member of a protected class, he was qualified for the position he held, he suffered an adverse employment action and circumstances exist that give rise to an inference of discrimination

**WHEREFORE:** Plaintiff prays for relief including compensatory, consequential and incidental damages including attorney fees.

Date: April 24, 2011

Signed: Michael Mobley
MOBLEY & ASSOCIATES
100 South Fifth Street
Suite 1900
Minneapolis, MN 55402
(612) 605-6201
(612) 605-6001 (fax)
MichaelMobley1@aol.com
Minnesota Attorney Reg. Number: 0259639