UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bilal Saleem,

          Plaintiff,

v.                                 **MEMORANDUM OPINION AND ORDER**

Heimie's Haberdashery,                   Civil No. 11-823 ADM/AJB

          Defendant.

___

Michael Mobley, Esq., Mobley & Associates, Minneapolis, MN, on behalf of Plaintiff.

Daniel J. Cragg, Esq., Eckland & Blando, LLP, Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

On August 25, 2011, the undersigned United States District Judge heard oral argument on Defendant Heimie's Haberdashery's ("Heimie's") Amended Motion to Dismiss[1] [Docket No. 6]. Plaintiff Bilal Saleem ("Saleem" or "Plaintiff") opposes the motion. Saleem asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.*, the Minnesota Human Rights Act ("MHRA"), Minn. Stat. Ch. 363A, and the St. Paul Human Rights Ordinance, St. Paul Legislative Code Ch. 183. For the reasons set forth below, the Defendant's motion is granted.

## II. BACKGROUND[2]

Defendant Heimie's is a retailer of men's clothing and barber services in St. Paul, Minnesota. Am. Compl. [Docket No. 3] ¶ 3. Plaintiff Saleem is African-American and was

___

[1] Although captioned as an "Amended Motion to Dismiss," Heimie's opening brief makes clear that it was moving to dismiss or, in the alternative, for summary judgment. Mem. of Law in Supp. of Mot. to Dismiss [Docket No. 20] 2.

[2] In considering a Motion to Dismiss, the Court considers the facts alleged in plaintiff's complaint to be true. See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994). Likewise, on a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).

employed by Heimie's as a barber from June 2009 until February 2010.  Id. ¶¶ 2, 5.  Saleem alleges Heimie's termination of his employment was discrimination based on his race.  Id. ¶¶ 9-10.

Prior to filing this lawsuit, Saleem first went to the City of St. Paul Department of Human Rights and Equal Economic Opportunity (the "Department").  On December 1, 2010, the Department issued a Memorandum of Findings (the "Memorandum") stating that probable cause existed as to whether Heimie's discriminated against Saleem based on race.  Michael Mobley Aff. [Docket No. 33] Ex. A ("Memorandum").  The Memorandum also stated that Heimie's had seventeen employees at the time of Saleem's termination.  Id. at Findings of Fact ¶ 3.  The Memorandum did not explain how the Department made its employee count determination.  Gessner Rivas was the Humans Rights Specialist at the Department who investigated Saleem's case and provided the Department with the factual basis for the Memorandum.  Gessner Rivas Aff. [Docket No. 34] ¶¶ 1–2.  Rivas avers he did not review Heimie's payroll records in determining the number of Heimie's employees, but rather arrived at the number seventeen based on an informal count and a list of employees provided by Heimie's.  Rivas Aff. ¶¶ 4, 6.  Rivas now states he made a computational error and mistakenly counted two individuals who he knew were no longer employed by Heimie's and mistakenly counted two non-employees, resulting in an overstatement of the number of employees by four.  See id. ¶ 4.

On December 16, 2010, the Department sent Saleem a letter informing him that it had ended its investigation due to an inability to "conciliate the probable cause finding" and a determination that further use of Department resources was not warranted.  Mobley Aff. Ex. B ("Right to Sue Letter").  In the letter, the Department informed Saleem that he had forty-five days from receipt of the letter to bring a civil action against Heimie's.  Id.  The letter also stated

2

that receipt of notice is presumed to be five days from the date of service by mail of the written notice.  Id.

Saleem filed this lawsuit in April 2011.  Heimie's now moves to dismiss the MHRA and Saint Paul Human Rights Ordinance claims arguing that they are time-barred.  Heimie's also moves to dismiss, or in the alternative, moves for summary judgment on Saleem's Title VII claim, arguing that at no time did Heimie's have fifteen or more employees as required for liability under Title VII.

### III.  DISCUSSION

**A.  Converting Motion to Dismiss to a Motion for Summary Judgment**

Heimie's has moved to dismiss all claims.  In support of its argument to dismiss Saleem's Title VII claim, Heimie's submitted matters outside the pleadings including payroll records.  Under the Federal Rules of Civil Procedure, if on a motion under Rule 12(b)(6), matters outside the pleading are presented to, and not excluded by, the court, the motion must be treated as one for summary judgment under Rule 56(a). Fed. R. Civ. P. 12(d); BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 687–88 (8th Cir. 2003).  Conversion of a motion to dismiss into one for summary judgment should only occur after the parties have been offered a "reasonable opportunity" to present all pertinent materials.  Fed. R. Civ. P. 12(d).  Similarly, a party against whom such conversion is used is entitled to notice that conversion is occurring. Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1005 (8th Cir. 2000).

In this case, Saleem was on notice that conversion could occur based on Heimie's opening brief.  In his opposition brief, Saleem indicates an understanding that the motion was one to dismiss or, in the alternative, for summary judgment.  See Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. [Docket No. 32] 1.  Saleem then had a reasonable opportunity to present pertinent material in opposition, and in fact did submit three

affidavits [Docket Nos. 33-35], some with exhibits, for consideration. At oral argument, Saleem, through counsel, voiced no objection to treating the motion as one for summary judgment. Therefore, with all parties having had a reasonable opportunity to submit all pertinent materials for consideration, the Court will treat Heimie's motion as one for summary judgment as it relates to Saleem's Title VII claim.

**B. Motion to Dismiss and Summary Judgment Standards**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm, 15 F.3d at 112; Ossman v. Diana Corp., 825 F. Supp. 870, 879–80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880. "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

Rule 56(a) provides that summary judgment shall issue "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but

must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**C.  Title VII Claim (Count I)**

Title VII of the Civil Rights Act of 1964 makes it unlawful for "an employer . . . to discriminate against any [employee] with respect to . . . race," 42 U.S.C. § 2000e-2(a)(1). Under Title VII, an "employer" is defined as a person "who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year" at the time of the alleged adverse employment action. 42 U.S.C. § 2000e(b). In Walters v. Metro. Educ. Enters., the Supreme Court endorsed the "payroll method" of looking at the number of individuals appearing on payroll records for determining the number of employees that an employer has. 519 U.S. 202, 206 (1997). The number of employees is an element of a plaintiff's claim under Title VII, and as such, the plaintiff bears the burden of proof. Myers v. Miss. Office of Capital Post-Conviction Counsel, 720 F. Supp. 2d 773, 777 (S.D. Miss. 2010) (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006)).

Heimie's argues that it is entitled to summary judgment on Saleem's Title VII claim because no genuine issue of material fact exists as to the number of Heimie's employees during Saleem's employment. Heimie's payroll records and monthly earning statements for 2009 and 2010 show that Heimie's had less than fifteen employees at any given time. Vince C. Jenny Aff. [Docket No. 19] Exs. A-H. Furthermore, the sole evidence that Heimie's had fifteen or more employees is the statement in the Memorandum. However, the factual basis for that Memorandum statement has been recanted. Rivas Aff. ¶¶ 3–4. Therefore, Saleem, the party that bears the burden of proof on this issue, has not raised a genuine issue of material fact.

Saleem argues that Heimie's motion relies on "questionable tax and unemployment insurance reports, prepared by Defendant." Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. 1. Saleem further argues that undisclosed employees or undisclosed locations of Heimie's may exist. To withstand a motion for summary judgment, a party must submit "sufficient probative evidence [that] would permit a finding in favor of the opposing party based on more than mere speculation, conjecture, or fantasy." Barnes v. Arden Mayfair, Inc., 759 F.2d 676, 681 (9th Cir. 1985) (citation omitted). A mere scintilla of evidence is insufficient to avoid summary judgment. Anderson, 477 U.S. at 252.

Saleem's mere suggestion that the payroll records submitted by Heimie's are fabricated—based solely on its inconsistency with the recanted finding of seventeen employees in the Memorandum—is insufficient to establish a genuine dispute of fact without evidence of fabrication. Further, Saleem's suggestion that Heimie's may have more employees, possibly at other locations, than those on the payroll records is entirely speculation and is not supported by any evidence of record. Finally, the Affidavit of Readus Fletcher, Deputy Director of the Department, does not alter this result. Fletcher affies that the Memorandum "remains in full force and effect." Readus Fletcher Aff. [Dcoket No. 35] ¶ 4. However, nothing in the affidavit casts doubt on Rivas's recantation of the finding of seventeen employees. Heimie's was not an "employer" for purposes of Title VII as it did not have more than fifteen employees during the relevant time period. See 42 U.S.C. § 2000e(b). Accordingly, Heimie's is entitled to summary judgment in its favor on Count I of the Complaint.

**D.  St. Paul Human Rights Ordinance and MHRA Claims (Counts II and III)**

Saleem also asserts claims for unlawful discrimination in violation of the MHRA and the St. Paul Human Rights Ordinance, which Heimie's now moves to dismiss. Those claims are

premised on supplemental jurisdiction in federal court under 28 U.S.C. § 1367(a).  Having granted summary judgment to Heimie's on the sole federal claim at issue here, the Court has discretion under 28 U.S.C. § 1367(c) to dismiss the remaining state law claims, and does so.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Defendant's Amended Motion to Dismiss [Docket No. 6] is **GRANTED**;

2.  Count I of the Amended Complaint [Docket No. 3] is **DISMISSED WITH PREJUDICE**; and

3.  Counts II and III of the Amended Complaint are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 19, 2011.